IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

RONAELE LAYMAN

    Plaintiff,

v.                                Civil Action No. TMD 10-2263

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

MEMORANDUM OPINION GRANTING
PLAINTIFF'S ALTERNATIVE MOTION FOR REMAND

Ronaele Layman ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C.§§, 1381-83(c).   Before the Court are Plaintiff's Motion for Summary Judgment (Pl.'s Mot. Summ., ECF No 21), Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 33), and Plaintiff's Response to Defendant's Motion for Summary Judgment. (Def's Resp., ECF No. 36).  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  For the reasons presented below, Plaintiff's Alternative Motion for Remand is GRANTED.

I.  Procedural History

Plaintiff protectively filed her application for SSI on May 29, 2007 alleging disability since October 2, 2004 due to severe pain in lower back and hips radiating down through lower extremities, morbid obesity, and diverticulitis in colon causing severe pain and nausea.  R. at 98,

102.  Her claim was denied initially and on reconsideration.  R. at 51-61.  On July 15, 2009, a

hearing was held before an administrative law judge ("ALJ") at which Plaintiff and a vocational

expert ("VE") testified.  R. at 21-50.   At the hearing, Plaintiff amended her alleged onset date to

May 29, 2007.  R. at 27.  In a decision dated September 8, 2009, the ALJ denied Plaintiff's

request for benefits.  R. at 7-20.  The Appeals Council denied Plaintiff's request for review

rendering the ALJ's decision the final decision subject to judicial review.  R. at 1-3.

## II.  ALJ's Decision

The ALJ evaluated Plaintiff's claim for SSI using the sequential process set forth in 20

C.F.R. § 416.920.  At the first step, the ALJ determined that Claimant had not engaged in

substantial gainful activity since her alleged onset date.  At step two, the ALJ determined that

Claimant suffered from the following severe impairments: degenerative disc disease, morbid

obesity, depression, diverticulitis, post traumatic stress disorder ("PTSD"), and pain disorder

with psychological features.  At step three, the ALJ found that as of her alleged onset date, her

impairments did not meet or equal the Listings of Impairments set forth in 20 C.F.R. pt. 404,

subpt, P, app. 1.  The ALJ concluded at step four that Plaintiff had no past relevant work.  At

step five, the ALJ concluded Claimant was capable of performing jobs that existed in significant

numbers in the national economy.

## III.  Standard of Review

The role of this court on review is to determine whether substantial evidence supports the

Commissioner's decision and whether the Commissioner applied the correct legal standards.

 42 U.S.C. §  405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995);

*Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).   Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It is more than a scintilla, but less than a preponderance, of the evidence presented.  *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984).  It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury.  *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence.  *Id.*

## IV. Discussion

Plaintiff argues that the ALJ erred  (1) by finding Plaintiff did not meet Listing 1.04 ; and (2) in his RFC assessment.

### A.    Listing 1.04

Plaintiff contends that the ALJ erred in determining she did not meet Listing 1.04 and that he specifically did not consider the Listing in sufficient detail or consider her obesity in connection with the Listing.  Listing 1.04 states the following:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulpous, spinal arachnoiditis, spinal stenosis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the  spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or

muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

or

B. Spinal arachnoditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1.

In his analysis of Listing 1.04, the ALJ stated that pursuant to Social Security Ruling 02-1p, [Claimant's obesity] must be considered in conjunction with other related conditions."  R. at 13.  He went on to find that her

> obesity and degenerative disc disease have not been accompanied by nerve root compression, spinal arachnoditis, or lumbar spinal stenosis resulting in psuedoclaudication and an inability to ambulate effectively so as to meet any provision of Listing 1.04.

Accordingly, the ALJ found at least one key element from each of the subsections not satisfied; and accordingly, that Claimant did not meet the Listing.  The Court must decide whether substantial evidence supports these findings and in particular, whether the ALJ adequately addressed the evidence in the record in connection with these findings.

Plaintiff first directs the Court's attention to the only MRI in the record which indicated an impression of degenerative disc disease of the lower lumbar spine with small disc herniation

4

at L5-S1 and an indication that the findings were suspicious for postoperative scarring and arachnoiditis.  R. at 240. The MRI also indicated that while the nerve roots were not well visualized on the exam, "there is a suggestion that there may be an enhancement around the nerve roots and tethering of the nerve roots posteriorly at L4-5."  *Id*.

The ALJ specifically noted the findings on the MRI but did not perform any analysis of those findings with respect to the Listing.  R. at 16-17.   In essence, the summary above constitutes the ALJ's entire "analysis."  While the Court notes that the MRI was performed in December, 2005—approximately a year and a half before Claimant's alleged disability onset date (the date of SSI application) -- it is nonetheless the duty of the ALJ to discuss those findings in detail and whether the date is significant or not.  While the Commissioner *now* attempts to argue that any issues noted in the 2005 MRI resolved themselves as the date of alleged disability, that is the duty of the ALJ to consider and weigh the facts in the first instance.  *See Hays v. Sulllivan,* 907 F.2d 1453, 1456 (4th Cir. 1990) (noting it is the ALJ's duty to make findings of fact); *see also Green v. Astrue*, 2012 WL 6574762 at * (D.Ariz. 2012) *(* "In the response brief, the Commissioner cites to other portions of Dr. Daas' treatment notes that he believes contradict the finding that Plaintiff was incapable of lifting (Doc. 14 at 17), but the Court must review only the reasoning and factual findings offered by the ALJ, not 'post hoc rationalizatios.').  Indeed, the medical evidence in the record clearly rises to the level contemplated by *Cook v. Heckler*, 783 F.2d 1168, 1172, 1173 (4th Cir. 1986) (holding that where there is ample evidence in the record to support a determination that the claimant's impairments meets or equals one of the listed impairments, the ALJ must identify the relevant

listed impairment and compare each of the listed criteria to the evidence of claimant's

symptoms).

In addition, despite acknowledging that her obesity should be considered in connection

with the Listing, the ALJ provides nothing more by way of analysis.  Morbid obesity was noted

as a severe impairment and as Plaintiff points out her Body Mass Index ("BMI") after the date

of alleged disability was over 40  placing her at the "greatest risk for developing obesity-related

impairments . . .".  SSR 02-1p.  In addition, while the ALJ reviewed the report of consultative

examiner Dr. William Russell, he specifically failed to discuss or even mention his notation that

Plaintiff was unable to tolerate straight leg raising which would be relevant under Subsection A

of the Listing.  R. at 275

The Court will not speculate whether Plaintiff meets Listing 1.04 on remand; only that

the Court cannot determine whether the ALJ's summary findings regarding the Listing are

supported by substantial evidence.  Because the Court remands the matter on Listing 1.04, the

Court need not address Plaintiff's remaining arguments.

V.  <u>Conclusion</u>

Based on the foregoing, Plaintiff's Alternative Motion for Remand is GRANTED.  A

separate order shall issue.


Date: January 28, 2013              _____/s/_____
                                    THOMAS M. DIGIROLAMO
                                    United States Magistrate Judge


Copies to:

6

Anthony Mignini
Mignini & Raab, LLP
2015 Emmorton Rd.
Suite 202
Bel Air, MD 21015


Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692